IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANCISCO MANZO-HERNANDEZ, | ) | |
|     Plaintiff, | ) | Civil Action Nos. 7:24-cv-00013 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Francisco Manzo-Hernandez, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Hernandez's complaint fails to state a claim, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Applying

these standards to Hernandez's complaint, the court concludes that does not state any actionable claims under federal law.  Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Hernandez names as defendants several officials who work for the Virginia Department of Corrections in various capacities and at different facilities, such as Red Onion State Prison, River North Correctional Center, Greenville Correctional Center, and Keen Mountain Correctional Center.  He also lists the Pentagon and several "Secret Service Contractors" as defendants.  Hernandez alleges that "all named defendants" played a role in the deliberate indifference to his serious medical needs.  (Compl. at 3.)  He lists a series of health issues—severe headaches, shoulder pain, back pain, aches in muscles, rashes, sleep disturbances, fatigue, stress, burning sensations and pricking skin, and overall "unbearable pain."  (*Id.*)  Hernandez does not list any specific interactions with any of the defendants that would somehow constitute deliberate indifference to his medical needs.  Thus, the court must conclude that Hernandez's vague allegations do not state a plausible claim for relief.  *See, e.g.*, *Pauley v. Clarke*, Case No. 1:21-cv-00046, 2021 WL 5563952, at *1 (W.D. Va. Nov. 22, 2021) (dismissing claim sua sponte because the plaintiff did not "set forth any specific basis for her contention" that defendants violated her constitutional rights).

For the foregoing reasons, the court will summarily dismiss Hernandez's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous and for failure to state an actionable claim.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a deliberate indifference claim, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, and only against the proper defendants, if he so chooses.

An appropriate order will be entered.

Entered: February 2, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge